IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLAS RAMOS BRAVO,

        Petitioner,

v.

RICK COURSEY, Superintendent,
Eastern Oregon Correctional
Institution,

        Respondent.

2:13-cv-01048-MA

OPINION AND ORDER

NELL BROWN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

MARSH, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas petition is denied.

## BACKGROUND

On December 4, 2006, petitioner was convicted by a jury of one count of Sexual Abuse in the Second Degree (Marion County Case No. 06C41696). Resp. Exh. 136. His conviction arose out of a sexual relationship with his girlfriend "V.M.," who was seventeen years old at the time of the offense.[1] Additionally, petitioner was convicted of one count of Tampering with a Witness as a result of telephone calls petitioner made to V.M. after petitioner was indicted (Marion County Case No. 06C49817). The trial court imposed an upward departure sentence of 60 months for the sexual abuse conviction, and a consecutive 60-month departure sentence for tampering with a witness. Resp. Exh. 101 at 4-7.

Petitioner filed a direct appeal assigning error to the trial court's refusal to give a proposed jury instruction and the imposition of upward departure sentences. Resp. Exhs. 106 & 108. The Oregon Court of Appeals affirmed without opinion, and the

---

[1] Petitioner was convicted of having sex with V.M. between January 1, 2005 to November 13, 2005. Resp. Exh. 102. V.M. gave birth to a child on March 4, 2006. Resp. Exh. 103, TR at 39-40. DNA testing supports the conclusion that petitioner is the child's father. *Id.* at 86.

Oregon Supreme Court denied review. *State v. Bravo*, 225 Or. Ap. 219, 200 P.3d 641, *rev. denied*, 346 Or. 364 (2009).

Petitioner subsequently sought state post-conviction relief on the basis that he received ineffective assistance of counsel. Resp. Exh. 129 at 8-10. The post-conviction court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Bravo v. Coursey*, 252 Or. App. 318, 290 P.3d 910 (2012), *rev. denied*, 353 Or. 203 (2013). In the instant proceeding, petitioner alleges that the trial court erred in instructing the jury and imposing departure sentences, and that defense counsel rendered ineffective assistance of counsel.

## DISCUSSION

### I.  State Law Violations (Grounds One, Two and Three)

In Grounds for Relief One, Two, and Three, petitioner alleges that the trial court erred in refusing to give petitioner's requested instruction on the defense of renunciation, and by imposing upward departure sentences on each of his convictions.

It is well settled that federal habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011); *Wilson v. Corcoran*, 131 S.Ct. 13, 15 (2010) (*per curiam*). Because Grounds for Relief One, Two and Three are premised upon state law violations, habeas relief is not warranted.

3 -- OPINION AND ORDER

## II. Procedural Default (Ground Six)

Generally, a state prisoner must exhaust all available state law remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A federal claim is procedurally defaulted if the petitioner does not fairly present his federal claims to the appropriate state courts at all appellate stages afforded under state law, and state procedural rules would now bar consideration of the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir. 2011). Habeas review of procedurally defaulted claims is precluded absent a showing of cause and prejudice, or that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In Ground for Relief Six, petitioner alleges trial counsel was ineffective for failing to object to the judgments of conviction that "impermissibly created indeterminate terms of post-prison supervision." Although petitioner raised ground six in his formal petition for post-conviction relief, he failed to raise this issue on appeal to the Oregon Court of Appeals, and in his petition for review to the Oregon Supreme Court. *Compare* Resp.'s Exh. 130 *with* Resp.'s Exhs. 142 & 145. Accordingly, ground six is procedurally

4 -- OPINION AND ORDER

defaulted. Because petitioner offers no basis to excuse his procedural default, habeas relief is precluded.

### III. Ineffective Assistance of Counsel (Grounds Four and Five)

In Grounds for Relief Four and Five, petitioner alleges that trial counsel rendered ineffective assistance by failing to (1) ensure that petitioner's waiver of his right to testify was knowing, voluntary and intelligent; and (2) object to the trial court's use of the victim's age as an aggravating factor to impose an upward departure sentence for Sexual Abuse in the Second Degree.[2] Respondent moves the court to deny habeas relief on the basis that the state court's rejection of petitioner's ineffective assistance claims is entitled to deference.

#### A. Standards

A petition for writ of habeas corpus filed by a state prisoner shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable

---

[2] In a footnote, petitioner attempts to raise an additional claim that trial counsel was ineffective for failing to object to a comment made by the court after the jury returned its verdict. Because this claim was not raised in his habeas petition, I decline to address it. See Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts; *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Additionally, it is worthy of note that the claim is procedurally defaulted and petitioner has failed to demonstrate that it is "substantial" so as to excuse the default under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Petitioner bears the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

A claim of ineffective assistance of counsel, requires the petitioner to prove that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1987).

To prove deficiency of performance, petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (internal quotations omitted). When a state prisoner asks a federal habeas court to set aside a conviction due to ineffective assistance of counsel, this court is required to use a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt. *Burt v. Titlow*, 134 S.Ct. 10, 13 (2013); *Cullen*, 131 S.Ct. at 1403. Counsel is "'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

6 -- OPINION AND ORDER

professional judgment.'" *Burt*, 134 S.Ct. at 17 (quoting *Strickland*, 466 U.S. at 690); *Cullen*, 131 S.Ct. at 1403.

In order to establish prejudice, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Harrington*, 131 S.Ct. at 792; *Williams,* 529 U.S. at 391. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams*, 529 U.S. at 391. In evaluating proof of prejudice, this court considers the totality of the evidence before the jury. *Strickland*, 466 U.S. at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.*

### B. Analysis

#### 1. Waiver of Right to Testify

In Ground for Relief Four, petitioner claims that defense counsel was ineffective because he failed to ensure that petitioner knowingly, voluntarily, and intelligently waived his right to testify. Specifically, petitioner argues that counsel was deficient for failing to inform petitioner that without his testimony he would have no defense to the charge of Sexual Abuse in the Second Degree. Respondent moves the court to deny habeas relief on the basis that the post-conviction court's rejection of

his claim is neither contrary to, or an unreasonable application of *Strickland*. I agree.

At trial, defense counsel raised the affirmative defense of Mistake or Ignorance (*see* ORS 163.325(2)), arguing to the jury that petitioner reasonably believed that V.M. was over the age of 18 when they had sexual intercourse:

> Ladies and gentlemen of the jury, my client had sex with [V.M.] They have had a child. The question is going to be -- is at the time that he had sex with her, whether or not . . . he knew she was 17 or whether or not he thought she was older.
>
> * * * * *
>
> There's an affirmative defense [that] Mr. Bravo . . . reasonably believed that she [was] over the age of 19, when they [had] sex. [V.M.] testified that she initially told Mr. Bravo that she was 19. She hid the fact that she was going to school. When he met her, she was working at the flea market. When she was going to school she would leave, say that she was going to her mom's, and it wasn't until about the time that she became pregnant, she found out she was pregnant, that there was an issue to Mr. Bravo finding that she was, in fact, 17.

Resp. Exh. 103, TR at 22 & 109-10.

At the state post-conviction hearing, petitioner argued that trial counsel never advised him that his testimony was critical to his affirmative defense of mistake or ignorance. In this regard, petitioner complained that defense counsel presented no evidence to establish his affirmative defense at trial. In support of these contentions, petitioner testified that he wanted to testify, but trial counsel never told him that he could testify and/or

8 -- OPINION AND ORDER

affirmatively advised him not to testify. Resp. Exh. 140 at 7-8. According to petitioner, had he taken the stand he would have testified that V.M lied about her age, and that he never had sex with V.M. after learning of her true age. *Id.* at 8.

Petitioner's trial attorney, however, presented a different version of what transpired prior to trial. In an affidavit presented to the post-conviction court, Attorney Mark G. Obert attested that he advised petitioner of his right to testify, that petitioner did not want to testify, and that petitioner admitted to him that he had sex with V.M. *after* learning she was only 17 years old:

> Prior to trial, I discussed the issue of waiving jury with Mr. Bravo in addition to his right to testify. Mr. Bravo repeatedly indicated that he did not want to testify. * * * As part of our discussion, Mr. Bravo and I discussed his extensive criminal history which could have been used to impeach him.
>
> In addition, I met with Mr. Bravo while he was incarcerated regarding his case. During that interview, Mr. Bravo indicated that the victim initially told him she was 19 when he met her in September or October 2004. He informed me that she continued to tell him she was 19 during the initial stages of their relationship. *However, Mr. Bravo indicated that he found out she was lying to him and she told him she was in fact 17 years old [in] approximately March 2005. Mr. Bravo indicated that he continued the relationship with her and continued to have sex with [her] after he learned she was 17.*
>
> Resp. Exh. 134 at ¶¶ 2 & 3 (emphasis added).[3]

---

[3] Attorney Obert's handwritten notes (attached to his affidavit and presented to the post-conviction court), support

(continued...)

9 -- OPINION AND ORDER

Additionally, trial counsel explained the strategic decision not to put petitioner on the stand as follows:

> During the trial in this matter, the victim indicated that she had lied to Mr. Bravo about her age when [she] met him and told him she was 19 years old. The victim continued to lie about her age during their relationship, telling him she was 19 and had graduated high school. * * * The victim's testimony is evidence that the jury could rely upon in making a decision about the case and establish the affirmative defense on Mr. Bravo's behalf. It was our argument that the State court not establish when the victim told Mr. Bravo she was 17 and consequently, Mr. Bravo would have a defense to the charge. Had Mr. Bravo testified, he would have established that he *did* have sex with the victim after learning she was 17 which conclusively blew any possible defense he may have had.

Id. at ¶ 4 (emphasis added).

At the conclusion of the post-conviction proceeding, the post-conviction judge held that Attorney Obert was credible, and that counsel presented the only reasonable defense available:

> The attorney took notes of the conversations with petitioner. That was before trial, so certainly well before this proceeding. They prove petitioner certainly did not want to testify, and that he had sex with the victim after he knew she was 17. * * * Petitioner's record is nine person crimes and five non-person. It is a reasonable strategy to at least try to keep his record out by not calling petitioner. It's a trade off. The attorney could not call him. *He would have had to commit perjury.* The attorney could not allow that to happen. And, actually, what [petitioner] told his lawyer squares exactly with what the complaining witness already said.

\* \* \* \* \*

---

[3](...continued)
his attestations. *See* Resp. Exh. 134 (Obert Aff., Exhs. A & B).

> And, truthfully, I don't know what other defense the attorney could have offered. This was not a great defense, but it's the only one that came to mind. So his behavior was reasonable. I find no inadequacy in any regard, I find no prejudice.

Resp.'s Exh. 140 at 16-17 (*emphasis added*).

Petitioner has failed to demonstrate that the post-conviction court's factual findings that (1) petitioner did not want to testify; (2) that he admitted to having sex with the victim after he knew she was 17; and (3) petitioner would have committed perjury had he taken the stand are unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2).[4] In light of these factual findings, and even assuming that trial counsel failed to fully discuss the importance of petitioner's testimony to the affirmative defense of mistake or ignorance, petitioner has not demonstrated that counsel's performance was constitutionally deficient or that petitioner suffered prejudice.

On the contrary, it is well settled that an attorney's strategic decisions are given deference, and it is not for this court to second guess counsel's strategic decisions. *Strickland*, 466 U.S. at 689; *Mann v. Ryan*, 2014 WL 7345864 *6 (9th Cir. Dec. 29,

---

[4] Because I find that the post-conviction court's findings are not unreasonable under 28 U.S.C. § 2254(d)(2), I need not address whether the factual findings also are entitled to a presumption of correctness that must be overcome with clear and convincing evidence under § 2254(e)(1). *See Murray v. Schriro*, 745 F.3d 984, 1000-01 (9th Cir. 2014) (declining to resolve the issue); *Burt*, 134 S.Ct. at 14 (same).

11 -- OPINION AND ORDER

2014). Attorney Obert's strategic decision to raise the defense of mistake or ignorance, while at the same time not putting petitioner on the stand, was reasonable trial strategy given the fact that petitioner (1) did not want to testify; (2) admitted he had sex with the victim after learning she was 17 years old; and (3) had an extensive criminal history. Moreover, the Ninth Circuit recently opined that trial counsel must comply with the ethical obligation not to suborn perjury and, therefore, is not deficient in failing to call a witness who intends to commit perjury. *Mann*, 2014 WL 7345864 *5.

Petitioner similarly cannot demonstrate that he suffered prejudice under *Strickland* based upon the assertion that he was (1) not fully advised of the import of his testimony to his affirmative defense; and/or (2) deprived of the opportunity to testify in his own defense. As noted above, the post-conviction court reasonably concluded, based upon the evidence presented, that petitioner told counsel that he had sex with the victim *after* discovering that she was 17 years old. Hence, had petitioner testified he would have committed perjury. A petitioner "cannot show prejudice based on counsel's refusal to present perjured testimony, even if such testimony might have affected the outcome of the case." *Lafler*, 132 S.Ct. at 1387 (*citing Nix v. Whiteside*, 475 U.S. 157, 175 (1986)).

Finally, given the totality of the evidence presented to the jury, petitioner has not demonstrated a reasonable probability that had counsel called petitioner as a witness to testify that he did not have sex with V.M. after learning she was a minor, the result of the proceeding would have been different. On the contrary, given (1) the credibility of V.M.'s testimony; (2) the undisputed evidence that V.M. gave birth to petitioner's child; and (3) petitioner's lengthy criminal history (that undoubtedly would have been brought out during cross examination), it is not reasonably probable that petitioner would have prevailed on his defense of mistake or ignorance. For all of these reasons, the post-conviction court's rejection of this ground is neither contrary to, or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

### 2. Departure Sentence

After the jury returned guilty verdicts, the prosecution requested that the trial court present three sentencing enhancement factors to the jury. Resp. Exh. 103 at 124-25. The jury was asked (1) did the defendant engage in persistent involvement in repetitive assaults unrelated to the current crime; (2) have the prior criminal justice sanctions failed to deter the defendant; and (3) is incarceration of the defendant necessary to ensure public safety. Resp. Exh. 104 at 37-38; see also Resp. Exh. 135. The

13 -- OPINION AND ORDER

jury answered yes to each of these questions. Resp. Exh. 104 at 40 & Resp. Exh. 137.

At the subsequent sentencing hearing, the trial court concurred and accepted the jury's findings on the three enhancement factors. Resp. Exh. 105 at 13. In so doing, the trial court referenced the victim's age:

> The aggravating factors with regard to both cases in the Court's mind, *the victim's age* -- lengthy incarceration prior to these two cases. One was a Measure 11; the kidnapping in the second degree did not deter the defendant's criminal conduct. The defendant has demonstrated an unwillingness to conform his conduct to the legal requirements of this country; notwithstanding that he is a national from Mexico.
>
> \* \* \* \* \*
>
> Let's go to the sexual abuse two case first. Mr. Bravo, the sentence of the court will be that the Court accepts the three findings by the jury -- special jury verdict findings, your prior criminal history, *the age of the victim* will result in an upward departure; total of 60 months -- a durational departure I should say, 60 months.

*Id.* at 13 & 15-16.

In the instant proceeding, petitioner contends that trial counsel was ineffective for failing to object to the court's use of the victim's age as a departure factor in violation of Oregon law.[5] Petitioner argues that "but for trial counsel's failure to object,

---

[5] Because V.M.'s age was a necessary element to prove Sexual Abuse in the Second Degree, Oregon law prohibited its use as an aggravating factor for sentencing. Or. Admin. R. 213-008-0002(2) (2005).

the presumptive sentence would have been 31-36 months in prison." Pet. Brief in Support (#30) at 15. Additionally, petitioner contends that the state post-conviction court's finding that the trial court did not use V.M.'s age as an aggravating factor is unreasonable.

The state post-conviction court rejected this claim, concluding that the trial court's mention of the victim's age does not mean it was used as an aggravating factor:

> The jury made three findings of aggravating factors. None of them were age-related. Although the judge mentioned her age as a consideration, it doesn't mean it was used as an aggravating factor. This court also notes that the departure factor issue was argued on appeal and the Court of Appeals affirmed without opinion.

Resp. Exhs. 140 at 16 & 141 at 2.

Although a close question, I conclude that the post-conviction court's finding that the victim's age was not used as an enhancement factor for imposing a departure sentence is not unreasonable given the fact that (1) the victim's age was not included in the enhancement factors requested by the prosecution or in the special verdict returned by the jury; and (2) the trial court expressly concurred in the jury's findings on the enhancement factors. See Resp. Exhs. 135, 137 & 140 at 15; 28 U.S.C. § 2254(d)(2). Given this finding, an objection to the trial court's purported use of the victim's age as an enhancement factor would have been meritless. Trial counsel is not constitutionally

15 -- OPINION AND ORDER

deficient for failing to make a meritless objection. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). Further, petitioner has not demonstrated that there is a reasonable probability that, had counsel objected to the consideration of the victim's age, the trial court would not have imposed the same departure sentence based upon the jury's findings of three enhancement factors. Accordingly, the post-conviction court's conclusion that trial counsel was not constitutionally ineffective is neither contrary to, nor an unreasonable application of clearly established federal law.[6] 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) is DENIED, and this proceeding is DISMISSED, with prejudice. In the event petitioner appeals, a certificate of appealability is GRANTED on the issue of whether defense counsel was ineffective in failing to object to the trial court's use of

---

[6] Petitioner's additional argument that trial counsel's failure to object to the age enhancement prejudiced his ability to raise a *Blakely* claim on appeal lacks merit given (1) the post-conviction court's reasonable conclusion that the victim's age was not used as an enhancement factor; and (2) the fact that all three enhancement factors used by the trial court were found by a jury beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296 (2004) (holding that the use of any fact increasing the penalty of a crime beyond the prescribed statutory minimum, other than a prior conviction, must be found by a jury beyond a reasonable doubt).

the victim's age as an enhancement factor (Ground for Relief Five). See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __7__ day of January, 2015.

                                             /s/ Malcolm F. Marsh
                                           Malcolm F. Marsh
                                           United States District Judge